# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

**STAR TRIBUNE MEDIA COMPANY LLC**,

    650 3rd Ave. S. Suite 1300
    Minneapolis, MN 55488
        Plaintiff,

v.

**U.S. DEPARTMENT OF DEFENSE**,

    4000 Defense Blvd,
    Washington, DC 20301

        Defendant.

Case No. 0:22-cv-2163

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Star Tribune Media Company LLC ("Star Tribune") brings this suit against Defendant U.S. Department of Defense ("DOD"). In support thereof, the Star Tribune states as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief. Through FOIA, the Star Tribune sought from Defendant records relating to communications among the Office of the Minnesota Governor, Minnesota National Guard, the Office of the Secretary of Defense, and the Chairman of the Joint Chiefs of Staff during the period of unrest in Minneapolis following George Floyd's killing by police.

2. The requested records will let the public see "what their government [has been] up to" with respect to the federal government's interaction and support to Minnesota. *DOJ v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 773 (1989).

3. DOD has improperly withheld all records responsive to the FOIA request.

## PARTIES

4. Plaintiff, the Star Tribune, is a news organization based in Minneapolis, Minnesota. It is Minnesota's largest newspaper and the number one local source for news, information, and community events. Over its more-than 150-year history, journalists from the Star Tribune and its predecessor newspapers have one seven Pulitzer Prizes, including for its coverage on the George Floyd protests.

5. Defendant, DOD, is an agency within the meaning of 5 U.S.C. § 552(f)(1). DOD has possession and control of records requested by the Star Tribune.

## JURISDICTION AND VENUE

6. This action arises under FOIA. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) & (a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

I. **Civil Unrest Surrounding George Floyd's Murder**

8. Following the May 25, 2020, murder of George Floyd by former Minneapolis police officer Derek Chauvin, there was unprecedented civil unrest throughout the Twin Cities and the world. *See* Libor Jany, *Minneapolis Police, Protestors clash almost 24 hours after George Floyd's Death in Custody*, STAR TRIBUNE (May 27, 2020), https://www.startribune.com/minneapolis-police-protesters-clash-almost-24-hours-after-george-floyd-s-death-in-custody/570763352/; Anna Boone, *One Week in Minneapolis*, STAR TRIBUNE (June 3, 2020), https://www.startribune.com/george-floyd-death-ignited-protests-far-beyond-minneapolis-police-minnesota/569930771/.

2

9.      Minnesota Governor Tim Walz deployed more than 1,700 members of the Minnesota National Guard to control demonstrations and riots after George Floy's murder. *See* Colin Dwyer, *Minnesota to Deploy Record Guard Force to Contain Unrest Over Death of George Floyd*, NPR.ORG (May 30, 2020), https://www.npr.org/2020/05/30/866094145/minnesota-to-deploy-record-guard-force-to-contain-unrest-over-death-of-george-fl.

10.     Then-President Trump called protestors in Minneapolis "thugs" and tweeted "Any difficulty and we will assume control, but when the looting starts, the shooting starts." *Protests Continue to Rage After Death of George Floyd*, N.Y. TIMES (May 28, 2020), https://www.nytimes.com/2020/05/28/us/george-floyd-national-guard.html.

11.     On May 30, 2020, DOD prepared to deploy military police units to Minnesota to control the protests over George Floyd's murder at the request of Governor Walz. Jason Slotkin, *Pentagon Orders Military Police to Deploy to Minnesota*, NPR.ORG (May 30, 2020), https://www.npr.org/2020/05/30/866143127/military-police-ordered-to-prepare-to-deploy-to-minnesota

12.     While Governor Walz and the Pentagon confirmed that that the Governor was speaking with then-Secretary of Defense Mark Esper and then-Joint Chiefs of Staff Chairman Gen. Mark A. Milley, the extent of those conversations is unknown. *Id*.

## II.    The Star Tribune's FOIA Request To DOD

13.     Nearly two years ago, on October 31, 2020, the Star Tribune, through its reporter James Shiffer, submitted a FOIA request to DOD seeking all records and communications, including but not limited to emails and call logs, between the office of Minnesota Governor Tim Walz and the Minnesota National Guard with the offices of the Secretary of Defense and the

Chairman of the Joint Chiefs of Staff, from May 25, 2020 to June 1, 2020 (the "Request"). A true and correct copy of the Request is attached hereto as Exhibit A.

14. On December 4, 2020, DOD sent an acknowledgement letter affirming it had received the Request. DOD assigned the Request handling number 21-F-0137 and stated that, due to unspecified unusual circumstances, it would not respond to the Request within 20 days. A true and correct copy of DOD's acknowledgement letter is attached hereto as Exhibit B.

15. Star Tribune attempted to follow up on the status of the Request on January 11, June 28, November 9, 2021, and March 2022.

16. To date, DOD has not produced a single record responsive to the Request.

17. To date, DOD has not informed the Star Tribune as to the scope of the records that the agency will produce in response the Request or provided any sort of timetable for such production.

18. To date, DOD has not informed the Star Tribune as to the scope of responsive records that the agency will withhold pursuant to any FOIA exemption(s).

## CLAIMS FOR RELIEF

### COUNT I
### Declaratory and Injunctive Relief: Violation of FOIA, 5 U.S.C. § 552
### Constructive Denial in Violation of FOIA, 5 U.S.C. § 552

19. The Star Tribune realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

20. FOIA provides this Court with "jurisdiction to enjoin [DOD] from withholding agency records and to order the production of any agency records improperly withheld from [the Star Tribune]." 5 U.S.C. § 552(a)(4)(B).

21. The records sought by the Request are agency records within DOD's control. Ex. B ("[T]his office handles FOIA requests for the Office of the Secretary of Defense (OSD), the

Joint Staff (JS) and other component offices.").

22. FOIA requires that within 20 working days of receiving a FOIA request, an agency must notify a requester of, *inter alia*, the scope of the documents that the agency will produce and the scope of the documents that the agency plans to withhold under any FOIA exemptions. *See* 5 U.S.C. § 552(a)(6)(A)(i).

23. DOD received the Request on November 2, 2020.  Ex. A.

24. Pursuant to FOIA, DOD was required to respond the Request by December 14, 2020.  5 U.S.C. §§ 552(a)(6)(A)(i); 552(a)(6)(B)(i).

25. To date, DOD has not made and communicated to the Star Tribune a "determination" on the Request within the meaning of 5 U.S.C. § 552(a)(6)(A)(i).

26. There is no basis under FOIA to withhold, in whole or in part, the records requested by the Star Tribune.  DOD has wrongfully withheld agency records in violation of FOIA.

27. The Star Tribune requests a declaratory judgment that DOD has violated FOIA and that the Star Tribune is entitled to immediately receive the documents referenced above.

28. The *Star Tribune* further requests that, pursuant to 5 U.S.C. § 552(a)(4)(B), the Court issue an injunction directing DOD to produce all of the requested agency records in full and setting a deadline for compliance.

## **REQUEST FOR RELIEF**

WHEREFORE, the *Star Tribune* respectfully requests that this Court:

A. Declare Defendant's failure to provide responsive records unlawful under FOIA;

B. Enter an injunction, pursuant to 5 U.S.C. § 552(a)(4)(B), directing Defendants to make all requested records available to the *Star Tribune*, unredacted, and without further delay, and setting a deadline for compliance;

C. Provide for expeditious proceedings in this action;

D. Award the *Star Tribune* its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

E. Grant such other and further relief as the Court may deem just and proper.

Dated:  September 2, 2022          Respectfully submitted,

BALLARD SPAHR LLP

Respectfully submitted,

*s/ Leita Walker*
Leita Walker (Bar No. 0387095)
Margaret N. Strouse (*PHV Pending*)
Ballard Spahr LLP
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
T: (612) 371-6222
F: (612) 371-3207
walkerl@ballardspahr.com
strousem@ballardspahr.com

*Counsel for Plaintiff Star Tribune Media Company LLC*