## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Star Tribune Media Company LLC,

        Plaintiff,

v.

U.S. Department of Defense,

        Defendant.

Civil No. 22-cv-2163 (WMW/TNL)

**RULE 26(f) REPORT**

---

Pursuant to the Court's October 12, 2022 Notice of and Order for Pretrial Scheduling Conference, Plaintiff Star Tribune Media Company LLC ("Star Tribune") and Defendant the U.S. Department of Defense ("DOD" or "Defendant") respectfully submit this Rule 26(f) Report prepared after their telephonic Rule 26(f) meeting on **November 14, 2022**. The initial pretrial conference in this matter is scheduled for **December 6, 2022**, at 10:00 AM, before United States Magistrate Judge Tony N. Leung, and will be conducted telephonically.

1.    **Identification of the parties and their attorneys; Agenda of Matters for Pretrial Conference**

    *a.  The parties' addresses are:*

        Star Tribune Media Company LLC
        650 3rd Ave. S. Suite 3100
        Minneapolis, MN 55488
        News organization/media company

        Represented by attorneys Leita Walker and Margaret N. Strouse
        Ballard Spahr LLP

2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
T: (612) 371-6222
F: (612) 371-3207
walkerl@ballardspahr.com
strousem@ballardspahr.com

U.S. Department of Defense
1000 Defense Pentagon
Washington, DC 20301
Federal Agency

Represented by Adam Hoskins
United States Attorney's Office
600 U.S. Courthouse
300 South 4th Street
Minneapolis, MN  55415
(612) 664-5663

**b.  No insurance carriers that may be liable for the defense or payment of any damage award.**

**c.  The matters to be discussed at the Pretrial Conference are:**

As discussed in further detail below, this case involves a narrow request Star Tribune made pursuant to the federal Freedom of Information Act ("FOIA") more than two years ago. To date, Defendant DOD has not produced a single document in response to that narrow request. Thus, as an initial mater, the parties will discuss with the Court at the Pretrial Conference the deadline by which the Defendant must comply with its obligations under FOIA and disclose responsive documents and/or provide a *Vaughn* Index for any responsive document it withholds in whole.  As detailed below, the parties agree that the Defendant agency will disclose the first tranche of documents (from the Office of the Secretary of Defense) no later than December 31, 2022, and the second and

final tranche of documents (from the Office of the Joint Chiefs of Staff) no later than January 31, 2023.

The parties respectfully request that the Court set a status conference for February 15, 2023 (or as soon thereafter as the Court may accommodate) to discuss whether any motion practice will be necessary after document production is completed. Any summary judgment proceeding will likely focus on whether Defendant conducted an adequate search for records and on whether Defendant can justify any withholding of responsive documents, in part or in whole, pursuant to FOIA exemptions. It is possible summary judgment motion practice will not be necessary, in which case Star Tribune anticipates moving for recovery of reasonable attorneys' fees.

## 2.   Description of the Case

### a.   *Jurisdictional Basis*

This action arises under FOIA, 5 U.S.C. § 552. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) & (a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is not a diversity case.

### b.   *Plaintiff's Narrative Description of Case*

Star Tribune made a FOIA request on October 31, 2020 for a narrow and discrete group of documents: communications among the Office of the Minnesota Governor, Minnesota National Guard, the Office of the Secretary of Defense, and the Chairman of the Joint Chiefs of Staff during the period of unrest in Minneapolis following George Floyd's murder by police. Specifically, Star Tribune sought all records and

communications, including but not limited to emails and call logs, between the office of Minnesota Governor Tim Walz and the Minnesota National Guard with the offices of the Secretary of Defense and the Chairman of the Joint Chiefs of Staff, from May 25, 2020 to June 1, 2020. To date, Defendant DOD has not produced a single record responsive to the FOIA request. In one of the final pre-suit communications between Star Tribune and Defendant, Defendant promised to produce all responsive documents by December 31, 2022, two years and two months after Star Tribune's request for a very discrete set of documents was submitted. Star Tribune filed the present suit on September 2, 2022 to expedite production of the public records it seeks. Star Tribune requests a declaratory judgment that DOD has violated FOIA and that Star Tribune is entitled to immediately receive the documents referenced above.

On October 11, 2022, Defendant filed an Answer [ECF No. 12]. The Answer did not include information as to the scope of records that the Defendant will produce. During the November 14 Rule 26(f) conference and through subsequent meet and confers, counsel for DOD has represented the following:

- Because the FOIA request seeks records from two components of DOD (the Secretary of Defense and the Office of the Joint Chiefs of Staff), potentially responsive documents exist on two separate servers at the DOD. Some of the documents are encrypted.

- One set of documents needs to be reviewed by the Office of the Secretary of Defense; another set of documents needs to be reviewed by the Office of the Joint Chiefs of Staff.

- The two sets of documents are likely to be highly, but perhaps not completely, duplicative.

- The Office of the Secretary of Defense has identified the universe of potentially responsive documents it needs to review and has conducted its initial review.  After that review, the volume of responsive documents totals 15-20 pages.

- The Office of the Joint Chiefs of Staff has not yet identified the universe of potentially responsive documents; however it anticipates a similar page count.

- It is likely some documents will need to be redacted pursuant to a FOIA exemption; the reason for the redaction is likely to be evident from the face of the document once it is disclosed.

- It is unclear whether any document will need to be withheld in its entirety pursuant to a FOIA exemption.

### c. *Defendant's Narrative Description of Case and Defenses*

DOD has processed, and continues to process, its response to Plaintiff's FOIA request in accordance with its standard FOIA procedures.  The request implicates two separate DOD components: the Office of the Secretary of Defense, and the Office of the Joint Chiefs of Staff.  Each component has its own server where potentially responsive documents are stored, and each component must separately search and collect potentially responsive records, review for responsiveness, and determine whether any material is exempt from disclosure under FOIA, the Privacy Act, or any other applicable federal law. That process is ongoing, with the Office of the Secretary of Defense prepared to disclose documents by no later than December 31, 2022, and the Office of the Joint Chiefs of Staff prepared to disclose documents by no later than January 31, 2023.

### d. *A summary itemization of the dollar amount of each element of the alleged damages*

Star Tribune intends to seek its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E).  DOD reserves the right to oppose any such motion or request.

### 3.   **Pleadings**

Plaintiff's Complaint has been filed. Defendant's Answer has been filed. The parties do not anticipate any amendment to their pleadings. A jury trial is not demanded and is not available.

### 4.   **The Anticipated Date(s) for Release of the Documents Requested by Plaintiff**

*Plaintiff's Position*

Star Tribune made a very tailored request for a discrete set of documents more than two years ago. DOD functionally ignored and constructively denied that request, despite Star Tribune's repeated inquires about the status of the response and despite the very real and important interest the public had in the documents requested. With this history of delay, Star Tribune determined it had no choice but to retain counsel to sue the DOD in hopes litigation would spur DOD to action. Star Tribune hoped to have responsive documents in hand so they could report, in the run up to the November 2022 election, on how Governor Walz—who at the time was running for reelection and who has since won a second term—worked with the federal government in the days of unrest after George Floyd's murder. The lawsuit did *not* prompt a change in the DOD's position. To this day, it has not produced a single responsive document to Star Tribune.

In pre-suit correspondence, DOD promised Star Tribune it would produce responsive documents by December 31, 2022. Counsel for DOD has represented in recent days that he believe the first tranche of documents—currently being reviewed by the Office of the Secretary of Defense—can be produced by that date, if not sooner. He has represented that the second tranche of documents—to be reviewed by the Office of the Joint Chiefs of Staff—can be produced no later January 31, 2023.

Star Tribune is extremely disappointed that it has taken the federal government more than two years to produce approximately a mere 40 pages of documents, despite the content of the documents being a matter of intense public interest and concern. The delay has prevented Star Tribune from bringing important information to voters in advance of the 2022 election. Notwithstanding its disappointment, Star Tribune is agreeable to the Court setting firm deadlines for production of the two sets of documents of December 31, 2022, and January 31, 2023, respectively, provided the productions are accompanied by *Vaughn* Index noting any document withheld in its entirety and for any redaction where the reason for the redaction is not evident on the face of the document itself. Star Tribune hopes that the government strives to disclose documents far in advance of these deadlines and believes it would be appropriate for the Court to admonish it to do so.

### *Defendant's Position*

DOD has processed, and continues to process, its response to Plaintiff's FOIA request in accordance with its standard FOIA procedures.  The request implicates two separate DOD components: the Office of the Secretary of Defense, and the Office of the Joint Chiefs of Staff.  Each component has its own server where potentially responsive

documents are stored, and each component must separately search and collect potentially responsive records, review for responsiveness, and determine whether any material is exempt from disclosure under FOIA, the Privacy Act, or any other applicable federal law.

The Office of the Secretary of Defense is prepared to disclose responsive, non-exempt records by no later than December 31, 2022, and will produce a *Vaughn* index by no later than December 31, 2022, setting forth any responsive records that are withheld in their entirety or that include redactions for which the justification is not obvious on its face.

The Office of the Joint Chiefs of Staff is prepared to disclose responsive, non-exempt records by no later than January 31, 2023, and will produce a *Vaughn* index by no later than January 31, 2023, setting forth any responsive records that are withheld in their entirety or that include redactions for which the justification is not obvious on its face.

### a. Whether A **Vaughn** *Index Will Be Required*

The parties agree that Defendant is required to provide, upon its productions on or before December 31 and January 31, an explanation, in the form of a *Vaughn* Index, for withholding any responsive documents in whole or in part, to the extent the reason for a redaction is not evident from the face of the document itself. *See Founding Church of Scientology, Inc. v. Bell*, 603 F.2d 945, 947 (D.C. Cir. 1979) ("Without such an index neither reviewing courts nor individuals seeking agency records can evaluate an agency's response to a request for government records.").

5.    **Discovery Plan**

The parties do not wish to engage in any method of alternative dispute resolution. At this juncture the parties do not anticipate discovery and do not believe it is necessary to set a discovery schedule at this time. Discovery is frequently unnecessary in FOIA cases, and may be unnecessary here. In all likelihood, after disclosure of responsive documents and *Vaughn* Index in this case will proceed directly either (1) to summary judgment, which will likely focus on the scope of Defendant's search and its justifications for withholding or redacting any responsive records or (2) to a fee motion by Star Tribune. However, it would be premature to foreclose discovery altogether, as courts have found discovery to be appropriate in some FOIA cases, including those evaluating the adequacy of an agency's search. *See e.g., Weisberg v. United States Dept. of Justice*, 627 F.2d 365. 371 (D.C. Cir. 1980) (finding deposition of government agent appropriate where questions existed as to the thoroughness of agency search). Defendant anticipates that the Court will require briefing prior to granting any discovery in this matter. *See* Order, *Madel v. U.S. Dep't of Justice, et al.*, No. 13-cv-02832 (PAM/FLN), at 3 (D. Minn. Mar. 25, 2014) (ECF No. 41); *see also Schrecker v. U.S. Dep't of Justice*, 217 F. Supp. 29, 35 (D.D.C. 2002); *Wolf v. CIA*, 569 F. Supp. 1, 10 (D.D.C. 2008).

6.    **Close of Discovery and Non-Dispositive Motions**

The parties agree that a party should be required to request an informal conference with the Court before filing a discovery motion. The parties are unsure whether discovery will be necessary for the previously mentioned reasons that it is premature to assess the adequacy of the search and production because Defendant has not produced any

documents. The parties respectfully request that the Court set a status conference for February 15, 2023 (or as soon thereafter as the Court may accommodate) to discuss whether any motion practice will be necessary after document production is completed.

7.   **Whether The Parties Anticipate Summary Judgment Briefing and, If So, A Proposed Briefing Schedule**

The parties anticipate that no trial will be necessary because this case will be fully resolved on a motion or cross-motions for summary judgment. The parties are unsure whether dispositive motion practice will be necessary for the previously mentioned reasons that it is premature to assess the adequacy of the search and production because Defendant has not produced any documents. The parties respectfully request that the Court set a status conference for February 15, 2023 (or as soon thereafter as the Court may accommodate) to discuss whether any motion practice will be necessary after document production is completed.

8.   **Status Conferences and Joint Status Reports**

The parties respectfully requests that the Court set a status conference for February 15, 2023 (or as soon thereafter as the Court may accommodate) to discuss whether any motion practice will be necessary after document production is completed.

Dated:  November 28, 2022

Respectfully submitted,

*s/ Leita Walker*
Leita Walker (Bar No. 0387095)
Margaret N. Strouse (*PHV Pending*)
Ballard Spahr LLP
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
T: (612) 371-6222
F: (612) 371-3207
walkerl@ballardspahr.com
strousem@ballardspahr.com

*Counsel for Plaintiff Star Tribune Media Company LLC*


/s/ *Adam J. Hoskins*
Adam J. Hoskins (Bar No. 393157)
Assistant United States Attorney
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600
adam.hoskins@usdoj.gov

*Counsel for Defendant U.S. Department of Defense*